# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| STANLEY J. BRYANT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-1840 |
| | § | |
| THE CIT GROUP/CONSUMER | § | |
| FINANCE, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by Countrywide Home Loans, Inc. n/k/a Bank of America, North America ("BANA"), and Mortgage Electronic Registration Systems, Inc. a/k/a MERS ("MERS") (collectively, "Defendants"), and a motion to sever filed by Ditech Financial LLC ("Ditech") and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the benefit of the Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2006-BC4 ("BONYM").[1] Having considered the motions, related filings, and applicable law, the court is of the opinion that the motion for summary judgment should be GRANTED IN PART AND DENIED IN PART, and the motion to sever should be DENIED.

---

[1] Ditech Financial, LLC and The Bank of New York Mellon—f/k/a The Bank of New York, as Trustee for the benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-BC4—have been dismissed from the case. *See* Dkt. 44 at 1. Defendants CIT Group/Consumer Finance, Inc. and CWABS, Inc. have not been served and consequently are DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 4(m).

# I. BACKGROUND

## A. Facts

Plaintiff Stanley J. Bryant filed suit to challenge the foreclosure sale of the real property at 2234 Dawn Shadow Way, Fresno, Texas 77545 (the "Property"). Dkt. 49 at 2. On December 20, 2005, he executed a $130,736 mortgage note secured by a deed of trust (collectively, the "Loan"). Dkt. 20 at 3. It conveyed a security interest in the Property to CIT Group/Consumer Finance, Inc. ("CIT"), the original lender. Dkt. 20 at 3. Bryant defaulted on the Loan in 2011, allegedly because he struggled to pay the bills after experiencing medical problems. *Id.* at 4. He received an unequivocal notice of default and intent to accelerate the Loan from BANA in September of that year. Dkt. 54 at 2 & Ex. 4. In November, Recontrust Company, N.A.—acting for BANA, which in turn was acting for BONYM—sent Bryant a foreclosure sale notice. Dkt. 20, Ex. 2; Dkt. 54, at 2 & Ex. 4. Bryant also received five other notices of sale, the most recent of which is dated April 2016. Dkt. 54 at 2 & Exs. 2–7. Defendant BANA is listed as the acting mortgage servicer on some of the notices which were served by a substitute trustee or trustees. *See, e.g.*, Dkt. 20, Ex. 2. The Property was sold on April 5, 2016, to BONYM via a credit bid. Dkt. 20, Ex. 8; Dkt. 54 at 4. Bryant contends, however, that he still holds legal or equitable interest in the house. *See* Dkt. 20 at 4, 29.

## B. Bryant's Claims Against BANA and MERS

Bryant asserts eleven causes of action involving BANA, MERS, or both.[2] Bryant first alleges that several documents in the chain of title—some of which were allegedly prepared by MERS or BANA—are frauds and forgeries or are otherwise inadequate, breaking the chain of assignments from the original lender, CIT, to BONYM. Dkt. 20 at 4–7. Bryant also argues that Chester Levings,

---

[2] Bryant's claims and Defendants' arguments regarding their motion for summary judgment have been reorganized for clarity.

who was acting as assistant secretary for MERS, did not actually sign the assignment on file with Fort Bend County Property Records and that it is void as a forgery. *Id*. at 5. He similarly maintains that Melanie Cowan—acting as vice president of BANA, which was acting as attorney-in-fact for BONYM—did not sign the substitute trustee document bearing her signature and that the document is therefore a forgery. *Id*. at 6. He also argues that the chain of title was broken because MERS failed to specify for whom it was acting as "nominee" on its assignment to BONYM and that, because MERS was not the owner of the note or deed of trust, the assignment is void. *Id*. at 4–6.

Bryant's second claim is that his Loan was not properly "securitized into the 2006-BC4 Trust . . . according to that Trust's Pooling and Servicing Agreement ("PSA") and the law of the state under which the 2006-BC4 Trust was created." *Id*. at 7. He argues that the assignment on record with Fort Bend County is dated "well after the Trust's closing date" and that other relevant paperwork was improperly filed. *Id*. at 11–14.

Bryant's third claim, which he labels as his first cause of action, is that BANA and MERS violated section 12.002 of the Texas Civil Practice and Remedies Code which prohibits

> mak[ing], present[ing], or us[ing] a document or other record with: (1) knowledge that the document or other record is a fraudulent court record . . . (2) intent that the document or other record be given the same legal effect as a court record . . . evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and (3) intent to cause another person to suffer . . . financial injury; or . . . mental anguish or emotional distress.

Tex. Civ. Prac. & Rem. Code § 12.002(a); Dkt. 20, at 20–21. He alleges that BANA and MERS violated this statute by using fraudulent mortgage assignments and trustee substitution documents that did not accurately represent their interest in the Property. Dkt. 20, at 20–22. He also pleads the discovery rule on this claim, stating that "his legal injury was inherently un-discoverable due to Defendants' conduct." *Id*. at 22.

Fourth, he contends that the actions of BANA and MERS regarding the mortgage assignments violated the following statutes and accordingly rendered BANA and MERS negligent per se: Texas Civil Practice & Remedies Code sections 12.002, 41.008(c)(8), 41.008(c)(12); Texas Local Government Code section 192.007; and Texas Penal Code sections 32.21 and 32.47. Dkt. 20 at 22–24. Bryant also argues that BANA and MERS were grossly negligent and grossly negligent per se based on violations of the same statutes. *Id*. at 24–25. He also pleads the discovery rule on these claims. *Id*. at 25.

Fifth, Bryant brings a money had and received claim against BANA, contending that it held "money and property that in equity and good conscience belongs to Plaintiff." *Id*. at 25.

Sixth, Bryant contends that BANA was unjustly enriched by its receipt of his payments when BANA "was not the legal owner and holder of the mortgage loans, mortgage liens, mortgage Note, or Deeds of Trust." *Id*. at 26. He pleads the discovery rule on this claim as well. *Id*.

Seventh, he seeks a declaratory judgment against BANA and MERS regarding whether they had the authority to foreclose or ownership interest in the note. *Id*. at 28–29. He also seeks a declaration "that Plaintiff is entitled to the exclusive possession of the property" and that BANA and MERS have no interest in the Property. *Id*. at 29.

Eighth, Bryant brings a quiet title claim against BANA and MERS, alleging that he has equitable interest in the Property. *Id*. He asserts that Defendants' claims to interest in the Property "constitute clouds on Plaintiff's rightful title to the Property." *Id*. at 30. He seeks a declaratory judgment that "no Defendant has or had any interest in the Property at the time of sale and that Plaintiff is entitled to quiet and peaceful possession of the Property against all Defendants now and forever." *Id*.

Ninth, Bryant seeks declaratory relief against BANA and MERS because the statute of limitations "for any Defendant or their mortgage servicer to conduct a non-judicial or judicial foreclosure against the Plaintiff's Property" under Texas Civil Practice and Remedies Code section 16.035 had expired, and they took no actions that could be construed as waiver or abandonment of acceleration of the Loan. *Id*. at 30–31.

Tenth, Bryant asserts that Defendants fraudulently asserted an interest in the Property or note, made attempts to collect on the Property with a broken chain of title, and failed to disclose that they were time-barred from foreclosing on the Loan. *Id*. at 31–32. He also pleads the discovery rule regarding this claim. *Id*. at 33.

Eleventh, Bryant contends that BANA violated the Texas Debt Collection Act under Texas Financial Code sections 392.301(a)(8), 392.304(a)(14), and 392.304(a)(19). *Id*. at 33–34. He argues that BANA violated these provisions "by threatening foreclosure and engaging in foreclosure activity against Plaintiff, attempting to collect the mortgage Note debt from Plaintiff without legal standing to do so," and "filing . . . forged assignments and attempt[ing] to foreclose past the limitations period." *Id*. at 34. Bryant alleges that these actions make him eligible for actual and statutory damages. *Id*. He also pleads the discovery rule regarding this claim. *Id*. Bryant also requests attorneys' fees and uncapped exemplary damages. *Id*. at 35–37.

## C.    Motion for Summary Judgment

BANA and MERS now move for summary judgment on all of Bryant's remaining claims. Dkt. 49 at 1, 4. Addressing Bryant's securitization challenges, BANA and MERS argue that Bryant lacks standing to assert violations of the PSA. Dkt. 49 at 5–6. Regarding his claim involving MERS and the chain of title, they argue that MERS was a beneficiary of the deed of trust, had the right to

assign the deed of trust to BONYM, and "did not purport to assign the Note in the Assignment." *Id*. at 9.

Defendants assert that Bryant's negligence per se, gross negligence, and gross negligence per se claims fail because (1) they are time-barred; (2) Texas Local Government Code section 192.007 provides no cause of action and "does not require recordation of an assignment of a deed of trust;" (3) assignments are not liens under Texas Civil Practice and Remedies Code section 12.002; (4) Bryant failed to cite authority that violations of 12.002 or 192.007 constitute negligence per se or gross negligence per se; (5) he "fail[ed] to allege any facts that he belongs to the class that the statutes were intended to protect and that the statute is one for which tort liability may be imposed when violated;" (6) he failed to allege "any non-conclusory facts that Defendants' conduct caused him injury;" and (7) he failed to "allege facts showing Defendants owed him a legal duty." Dkt. 49 at 18–19. Defendants also argue that Bryant's Penal Code violation claim fails because the statute provides no private cause of action. *Id*. at 19–20.

Regarding Bryant's declaratory relief request involving the statute of limitations, Defendants argue that Bryant's allegations that the Loan was accelerated and not abandoned are conclusory. *Id*. at 27. Addressing the forgery allegations, BANA and MERS argue that "assignments of deeds of trust and appointments of substitute trustees are not liens," Bryant failed to allege sufficient facts to support the fraudulent lien claim, and the claim is time-barred. *Id*. at 3, 6–7. Regarding Bryant's fraudulent lien claim, Defendants argue that the claim is time-barred, the document assigning the deed of trust is not a "lien or claim" for purposes of Texas Civil Practice and Remedies Code section 12.002, Bryant's allegations are conclusory and lacking the factual support necessary to establish the elements of this claim under Texas law, and his claim should be dismissed with prejudice because he "lacks standing to challenge the Assignment." *Id*. at 11–14. Responding to Bryant's money had

and received claim, BANA asserts that it fails "because it is based on the flawed assignment challenges" and "because the Note and Deed of Trust govern the subject matter of the dispute." *Id*. at 20. BANA and MERS argue that Bryant's unjust enrichment allegations fail "because Plaintiff does not allege sufficient facts to support such claims." *Id*. at 20–21.

BANA and MERS note that declaratory relief "is remedial in nature and dependent upon the assertion of viable causes of action." *Id*. at 26. They argue none of Bryant's causes of action is viable and Bryant failed to allege in more than a conclusory fashion that Defendants did not abandon acceleration of the Loan. *Id*. at 27. Regarding Bryant's quiet title claim, BANA and MERS argue this claim fails both because Bryant "cannot demonstrate that he has superior title to the property" and because he has admitted that he is in default and failed to pay the amount he owes on the note. *Id*. at 4, 11. BANA and MERS argue "[t]he fraud claim is barred by the economic loss rule" and that Bryant failed to meet the pleading standards of Rule 9(b). *Id*. at 4, 21, 23–24. BANA argues that Bryant's Texas Debt Collection Act ("TDCA") claim fails both because it is based on the forgery allegations and because Bryant failed to allege that BANA made an affirmative statement that was false or misleading. *Id*. at 3–4, 24–26.

## D. Bryant's Response

In his response to Defendants' motion for summary judgment, Bryant only addresses their contention regarding the statute of limitations. *See* Dkt. 54, at 3–6. He asserts that four years expired after Defendants accelerated his Loan and before they foreclosed on his Property. Dkt. 54 at 4–6. For this reason, he contends, "the evidence raises a genuine issue of material fact as to [his] declaratory judgment claim and [the defendants'] affirmative defense of [the] statute of limitations." *Id*. at 4.

E.    **Defendants' Reply**

BANA and MERS reply that the initial acceleration of Bryant's Loan was abandoned and that the statute of limitations accordingly did not expire before Defendants foreclosed on the house. Dkt. 55 at 3–6.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. v. Avenell* , 66 F.3d 715, 718–19 (5th Cir. 1995). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). "[T]he non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial'" to prevent summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

# III. ANALYSIS

## A. Arguments that Satisfy the Summary Judgment Standard

### 1. Securitization Challenges

Bryant contends that the Loan was not properly and validly transferred into the 2006-BC4 Trust according to the Trust's PSA. Dkt. 20 at 14, 27–28. Defendants move for summary judgment on this claim, arguing that Bryant lacks standing to assert PSA violations because Bryant is not a party to, or a third party beneficiary of, the PSA. Dkt. 49 at 5–6.

The Fifth Circuit has established that plaintiffs have no right to challenge assignments as violating a PSA unless they are parties to the PSA or intended third-party beneficiaries of the PSA. *Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Because Bryant presents no facts indicating he was a third-party beneficiary of the PSA, his claim regarding PSA violations cannot stand and the invalidity of the assignments cannot stand. *See id.*; *Jolem, LLC v. Select Portfolio Servicing, Inc.*, No. H-14-3301, 2015 WL 3823642, at *6 (S.D. Tex. June 18, 2015) (holding similarly that the plaintiff could not assert PSA violations when it was not a third-party beneficiary of the PSA). Accordingly, Defendants' motion for summary judgment on this claim is GRANTED.

### 2. Fraudulent Lien Claim

Bryant contends that Defendants violated Texas Civil Practice and Remedies Code section 12.002 by intentionally misrepresenting that they "were entitled to exercise the power of sale provision contained in the Security Instrument and collect monetarily on the Note" when they "had no legal, equitable, or actual beneficial interest whatsoever in the Property or the Note." Dkt. 20 at 20–21, 31. He further argues that Defendants' alleged misrepresentations induced Bryant to rely on their misrepresentations to pay on the Loan, and that he deserves actual and punitive damages for

Defendants' fraudulent behavior. *Id*. at 32–33. He also claims that the discovery rule should apply to "toll[] the Texas statute of limitations" because he "exercised reasonable diligence in attempting to discover fraudulent filings on [his] property, his legal injury was inherently un-discoverable due to defendants' conduct, . . . [and] application of the discovery rule would not disserve public policy." *Id.* at 33.

Defendants move for summary judgment on this claim, arguing that the four-year statute of limitations expired and noting that the purported wrongful acts occurred on August 25, 2011—when the assignment was recorded—but that Bryant did not file suit until May 17, 2016. Dkt. 49 at 11–12; Dkt 20, Ex. 10; Dkt. 1 at 1. They also argue that the discovery rule does not apply because "the filing of the Assignment in the real property records of Fort Bend County, Texas 'charged [Plaintiff] with notice' of the facts giving rise to his alleged fraudulent lien claim." Dkt. 49 at 12 (citing *Poag v. Flories*, 317 S.W.3d 820, 826 (Tex. App.—Fort Worth 2010, pet. denied). Defendants also argue that Bryant failed to show that the lien was fraudulent under Texas Civil Practice and Remedies Code section 12.002 because Bryant has offered "no factual allegations demonstrating that Defendants intended to cause Plaintiff physical injury, financial injury, or mental anguish." Dkt. 49 at 13–15.

The statute of limitations for a fraudulent lien claim is four years. *See Vanderbilt Mortg. & Fin. v. Flores*, 692 F.3d 358, 366 (5th Cir. 2012) (interpreting Texas law). Defendants have shown that the purported wrongful acts occurred more than four years before Bryant filed suit. While Bryant *pleads* the discovery rule, he did not respond to this argument when responding to the motion for summary judgment. Accordingly, he has not met his summary judgment burden. The motion for summary judgment on the fraudulent lien claim is GRANTED.

### 3.    Chain of Title Challenge

Bryant contends in his amended complaint that the chain of assignments from CIT to BONYM is broken because MERS had no ownership interest in the note or deed of trust when the assignment was made, nor did it state for whom it was acting as nominee.  Dkt. 20 at 4–5.  Defendants move for summary judgment on this claim, arguing that MERS *did* have authority to execute the assignment as a beneficiary of the deed of trust because it was assigning the deed, only, and not the note.  Dkt. 49 at 9; *see* Dkt. 20, Ex. 1.

The Fifth Circuit has established "that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust."  *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 425 (5th Cir. 2014); *see Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–55 (5th Cir. 2013); *Reed v. Bank of Am., N.A.*, No. H-15-2005, 2015 WL 7736642, at *2 (S.D. Tex. Nov. 30, 2015).  As in *Reece*, MERS had the authority to assign the deed here.  *See also Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014) (observing that the Fifth Circuit has "repeatedly rejected similar attempts to challenge an assignee's standing to foreclose under an assignment from MERS" and stating that MERS, as nominee and beneficiary with the ability to foreclose, had authority to foreclose on the Property).  Accordingly, Defendants' motion for summary judgment on this claim is GRANTED.

### 4.    Negligence Claims and Penal Code Violations

Bryant contends that the defendants were negligent per se, grossly negligent, and grossly negligent per se because they violated Texas Civil Practice and Remedies Code sections 12.002, 41.008(c)(8), and 41.008(c)(12), as well as Texas Local Government Code section 192.007.  Dkt. 20 at 22–25.  Bryant also contends that Defendants violated Texas Penal Code sections 32.21 and 32.47

through their handling of his mortgage documents, and he asserts that their violation of section 32.47 should exempt him from Texas Civil Practice and Remedies Code section 41.008(b)'s exemplary damages cap. Dkt. 20 at 22–25.

Defendants move for summary judgment on Bryant's negligence claims, arguing that the two-year statute of limitations for negligence expired before Bryant filed suit. Dkt. 49 at 16. Defendants note that the assignment to BONYM was filed on August 25, 2011, and assert that the claim began to accrue on that day, more than four years before Bryant filed this lawsuit on May 17, 2016. *Id*. Defendants also argue that the discovery rule does not apply because the filing of the assignment in the real property records of Fort Bend County "charged [Plaintiff] with notice." *Id*. (quoting *Poag v. Flories*, 317 S.W.3d 820, 826 (Tex. App.—Fort Worth 2010, pet. denied)). Defendants additionally contend that the Texas Local Government Code section 192.007 claim fails because the statute does not offer a private right of action, the Texas Civil Practices and Remedies Code section 12.002 claim fails because assignments do not constitute liens, and Bryant failed to cite any authority that violations of either statute could constitute negligence per se or gross negligence per se. Dkt. 49 at 18–19. Defendants further argue that Bryant failed to allege facts that would establish him as a member of the class the statutes were meant to protect, failed to cite authority that tort liability accrues from violations of those statutes, failed to establish that Defendants owed him a legal duty, and based his arguments that Defendants' conduct caused him injury on conclusory allegations. Dkt. 49 at 18–19. Defendants also move for summary judgment with regard to Bryant's Penal Code violation claim by arguing that "the Penal Code does not create private causes of action." Dkt. 49 at 19–20 (quoting *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)).

The statute of limitations for negligence, negligence per se, gross negligence, and gross negligence per se is two years. *See Resolution Tr. Corp. v. Acton*, 49 F.3d 1086, 1089 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Silva v. Wells Fargo Bank, N.A.*, 1:12-CV-180, 2014 WL 12586396, at *6 (S.D. Tex. Mar. 17, 2014) ("The statute of limitations for a negligence per se claim is two years."). Defendants have shown that the purported wrongful acts occurred more than two years before Bryant filed suit. While Bryant *pleads* the discovery rule, he did not respond to this argument when responding to the motion for summary judgment. Accordingly, he has not met his summary judgment burden.

Bryant's section 192.007 and Penal Code violation contentions also fail because those statutes do not offer private causes of action. *See Dal. Cty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 946 (N.D. Tex. 2014), *aff'd sub nom. Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015) (stating that section 192.007 "contains no remedy provision and nothing stating or suggesting that a county or any other litigant may seek relief under the statute"); *Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F. Supp. 2d 828, 836 (W.D. Tex. 2013) (quoting *Hamilton v. Pechacek*, 319 S.W.3d 801, 813 (Tex. App.—Fort Worth 2010, no pet.) ("[T]he Texas Penal Code does not create a private cause of action."). Accordingly, Defendants' motion for summary judgment regarding Bryant's claims involving Texas Civil Practice and Remedies Code sections 12.002, 41.008(c)(8), and 41.008(c)(12), Texas Local Government Code section 192.007, and Texas Penal Code sections 32.21 and 32.47 is GRANTED.

### 5.    Statute of Limitations Foreclosure Challenge

Bryant contends that Defendants' foreclosure sale is void because the four-year statute of limitations expired before the sale was made. Dkt. 54 at 2, 4. He notes that he received a notice of

default and intent to accelerate the Loan in September 2011 and a notice of foreclosure in November of that year, but that his Property was not sold until April 2016. Dkt. 54 at 2.

Defendants argue that acceleration of Bryant's Loan was abandoned before the four years elapsed, resetting the statute of limitations. Dkt. 55 at 3–4. They argue that this occurred in 2012 when Bryant applied for a Loan modification and was placed on a Trial Period Plan (TPP) that December. Dkt. 55, Ex. 1. They note that when Bryant successfully completed the TPP in March 2013, BANA forgave $74,846.35 of Bryant's Loan balance and lowered his interest rate. *Id.*; Dkt. 55, Ex. 2–3. Thus, according to Defendants, "as late as March 20, 2013, Defendants indicated a willingness to accept less than the full amount due under its previous acceleration." Dkt. 55 at 5.

Under the Texas Property Code, mortgage servicers may foreclose on behalf of the mortgagee if their agreement allows it and the proper notices are provided. *See* Tex. Prop. Code § 51.0025(a)–(b). Texas law requires such a sale to be performed within four years. *See* Tex. Civ. Prac. & Rem. Code § 16.035(b). "If a note or deed of trust secured by real property contains an optional acceleration clause, default does not ipso facto start limitations running on the note. Rather, the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "Even when a noteholder has accelerated a note upon default," however, "the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Id*. at 566–67; *see Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 439 (5th Cir. 2017) ("[A] noteholder may unilaterally abandon acceleration after its exercise 'by requesting payment on less than the full amount of the loan.'"). "'Abandonment of acceleration has the effect of restoring . . . the note's original maturity date,' and thus resetting maturity of the last installment as the accrual date for the purpose of the statute of limitations."

*Alcala*, 684 F. App'x at 439 (quoting *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).

Defendants have provided sufficient evidence that they abandoned their initial 2011 acceleration by placing Bryant on a TPP, accepting his payments, and modifying his Loan agreement. As a result, the statute of limitations did not expire before the house was sold. Bryant has come forward with no evidence suggesting otherwise. Defendants' motion for summary judgment regarding Bryant's statute of limitations claim is therefore GRANTED.

## B.     Arguments That Do Not Meet the Summary Judgment Standard

### 1.     Forgery Challenges

Bryant contends in his amended complaint that the chain of assignments from CIT to BONYM is broken because the assignment purportedly signed by Chester Levings of MERS and the substitute trustee document purportedly signed by Melanie Cowan of BANA are forgeries. Dkt. 20 at 4–7. Several of Bryant's exhibits feature Levings's signature on other documents, and he argues that the signature on those documents appears "markedly different" from that on the assignment in this case. *Id*. at 5. He also provides exhibits and offers a similar argument regarding Cowan's signature. *Id*. at 6–7. Defendants argue in their motion for summary judgment that Bryant's forgery allegations are "based on pure speculation . . . without any factual enhancement" and do not meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). Dkt. 49 at 6–7. Accordingly, they maintain that the chain of title between CIT and BONYM is unbroken. *Id*.

Defendants' motion for summary judgment regarding Bryant's forgery allegations relies on Rule 9(b)'s pleading standard and related case law, not the summary judgment standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S. Ct. 1937, 1954 (2009) (explaining what Rule 9(b) requires in the context of pleadings); *Massey v. EMC Mortg. Corp.*, 546 F. App'x 477, 481–82 (5th

Cir. 2013) (justifying dismissal on the basis that plaintiffs did not "amend their complaint to comply with the requirements of Rule 9"); *compare* Fed. R. Civ. P. 9(b), *with id*. at 56(a).  The summary judgment standard requires the moving party to demonstrate the absence of a genuine issue of material fact or, on claims for which they do not bear the burden, point to an absence of *evidence*. *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2552.  Rule 9(b), by contrast, is a *pleading standard* meant to provide a defendant with particularized notice of certain types of claims.  *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).  Alleging that Bryant failed to meet Rule 9(b)'s pleading standard does not meet Defendants' summary judgment burden to establish that there is no genuine issue of material fact or, in this case, an absence of evidence, and that they are entitled to judgment as a matter of law.  Indeed, even the case law Defendants cite addresses forgery allegations in the context of motions to dismiss, not motions for summary judgment.  *See* Dkt. 49 at 6–8.  Thus, Defendants have not met their burden under the summary judgment standard regarding Bryant's forgery allegations.  Their motion for summary judgment regarding this claim is thus DENIED WITHOUT PREJUDICE.

## 2. Declaratory Judgment and Quiet Title

Bryant asserts in his amended complaint that even though he "lost [the] legal ownership of the Property he had pursuant to that warranty deed he received from the previous owners," he still has "an equitable interest in the Property . . . which he is enforcing *via* this lawsuit."  Dkt. 20 at 29. He contends that this is because MERS allegedly forged its assignment to BONYM.  *Id*. at 27. Bryant seeks a declaration "that Plaintiff is entitled to the exclusive possession of that property" and that BANA and MERS have no interest in the Property.  *Id*. at 29.  He also seeks the removal of Defendants' "clouds on Plaintiff's rightful title to the Property."  *Id*. at 30.

Defendants move for summary judgment regarding Bryant's request for declaratory judgment and his quiet title action because, first, "the quiet title claim . . . is not based on the strength of Plaintiff's purported title to the Property, but rather the fatally flawed forgery allegations." Dkt. 49 at 11. Second, "any ownership interest that [Bryant] purportedly claims he had in the Property was wiped away by the foreclosure of the Property, thereby giving BONYM superior title." *Id*. Third, the quiet title claim fails because Bryant is in default. *Id*. (citing *Campo v. Bank of Am., N.A.*, No. CV H-15-1091, 2016 WL 1162199, at *5 (S.D. Tex. Mar. 24, 2016), *aff'd*, 678 F. App'x 227 (5th Cir. 2017) ("Campo is in default and has not alleged that he has tendered the balance of his Loan. His quiet-title claim is legally insufficient for this additional reason and is dismissed."); *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (noting that the plaintiff had "failed to argue that her title [was] superior to the defendants'" and that she had "not tendered the amount owed on the note").

As to Defendants' contention regarding the forgery allegations, this argument fails for the reasons stated above. Addressing their second point, if there was a break in the chain of title because some relevant documents were forged, the foreclosure was invalid. *See Leavings v. Mills*, 175 S.W.3d 301, 310 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("To prove his right to foreclose . . . Mills was required to prove the note and an unbroken chain of assignments transferring to him the right to enforce the note according to its terms."). To their third contention, Defendants lacked the right to receive payments on the house if the documents purportedly granting them authority to receive Bryant's payments were forged. Accordingly, Defendants' motion for summary judgment regarding these claims is DENIED WITHOUT PREJUDICE.

### 3. Money Had and Received and Unjust Enrichment

Bryant contends that BANA was unjustly enriched by receiving mortgage payments from Bryant when it had no interest in or claim to the Property and that BANA "made . . . mortgage assignments associated with Plaintiff's loan with knowledge that the documents or other records are fraudulent court records or liens." Dkt. 20 at 25–26. He also contends that BANA holds Bryant's monthly payments and Property when "in equity and good conscience" these belong to him. *Id.* at 25. Defendants move for summary judgment on Bryant's unjust enrichment and money had and received claims, arguing that they are based on flawed forgery allegations, that the note and deed of trust—contracts that Bryant signed—govern the matter in dispute, and that Bryant failed to allege facts supporting the money had and received and unjust enrichment claims. Dkt. 49 at 20.

"Unjust enrichment demands restitution when a party receiving property or benefits would be unjustly enriched if it were permitted to retain the property or benefits at the expense of another." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 43 (Tex. 1992). "Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory" like unjust enrichment. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). But "[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Like unjust enrichment, "[t]he existence of an express contract forecloses equitable relief under a 'money had and received' theory." *See Tex. Star Motors, Inc. v. Regal Fin. Co.*, 401 S.W.3d 190, 202 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Defendants' arguments regarding Bryant's forgery arguments and what Bryant alleged or failed to allege fail for reasons discussed above because they do not satisfy Defendants' burden under

the summary judgment standard. Because it is unclear whether Bryant was induced to enter an agreement with Defendants through fraudulent means, it is unclear whether Defendants obtained the property and payments via fraud. Accordingly, Defendants' motion for summary judgment regarding these claims is DENIED WITHOUT PREJUDICE.

### 4. Fraud

Bryant contends in his amended complaint that Defendants "intentionally misrepresented" that they held the note, were beneficiaries of the Security Instrument with an unbroken chain of title from the original lender, and "were entitled to exercise the power of sale provision contained in the Security Instrument and collect monetarily on the Note." Dkt. 20 at 31. He also contends that they failed to disclose that they had no legal interest in the note or that they were time-barred from foreclosing on the Loan, and he argues that their false representations induced Bryant to give them payments on his Loan. Dkt. 20 at 31–32. He asserts that these "actions were malicious and done willfully in conscious disregard" of Bryant's legal rights. *Id*. He also "pleads the discovery rule" because the "legal injury was un-discoverable due to defendants' conduct, and application of the discovery rule would not disserve public policy." *Id*. at 33.

Defendants move for summary judgment on Bryant's fraud claim, asserting that the fraud claim is barred by the economic loss rule because "Plaintiff has not *alleged* any independent injuries outside of the purported economic losses relating to the subject matter of the contracts between the parties, *i.e.* the Note and Deed of Trust." Dkt. 49 at 22 (emphasis added). They also assert that Bryant "*has not pled* facts, which if true, would establish the elements of a fraud clam." *Id*. at 23 (emphasis added). Finally, Defendants argue that Bryant has not met Rule 9(b)'s heightened *pleading* standard or asserted a special relationship between himself and "Defendants to support his failure to disclose allegations." *Id*. at 23–24.

As addressed above, Defendants' arguments regarding the Plaintiff's allegations and whether he met Rule 9(b)'s requirements would be appropriate in a motion to dismiss, but not a motion for summary judgment. Accordingly, Defendants have not met their burden on this claim, and their motion for summary judgment on the claim is DENIED WITHOUT PREJUDICE.

### 5. Texas Debt Collection Act

Bryant contends in his amended complaint that BANA is a "debt collector[]" that engaged in the collection of consumer debt with regard to Bryant's mortgage Loan. Dkt. 20 at 33. He alleges that BANA violated the TDCA "by threatening foreclosure and engaging in foreclosure activity against Plaintiff" and "attempting to collect the mortgage Note debt from Plaintiff without legal standing to do so." *Id*. at 34. Bryant also alleges that BANA's actions in processing the foreclosure—which include filing the allegedly forged assignments and attempting to collect past the limitations period—constitute false, deceptive, or misleading practices in violation of Texas Finance Code sections 392.301(a)(8), 392.304(a)(14), and 392.304(a)(19). Dkt. 20 at 33–34. He also pleads the discovery rule. *Id*.

BANA argues that the court should grant summary judgment on Bryant's TDCA claim for the following reasons: (1) Bryant "fails to allege sufficient facts to state a TDCA claim;" (2) Bryant's TDCA claim fails because it is based on "fatally flawed forgery allegations;" (3) his "allegations are conclusory, lacking specific facts, and therefore insufficient to plead a plausible claim;" (4) Bryant has improperly alleged the TDCA claim because he has not identified the damages allegedly suffered; (5) foreclosure is not an action prevented by law and thus cannot constitute a violation of the TDCA—particularly since Bryant admits he defaulted on his Loan; and (6) Texas Finance Code sections 392.304(a)(14) and (19)—portions of the TDCA—require proof that violators made affirmative statements that are false or misleading but Bryant has not alleged that BANA made false

affirmative statements. Dkt. 49 at 25–26 (citing *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014).

Under Texas Finance Code section 392.301(a)(8), a debt collector "may not use threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law." Under section 392.304(a)(14), a debt collector "may not use a fraudulent, deceptive, or misleading representation that employs . . . representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business." *Id*. § 392.304(a)(14). Under section 392.304(a)(19), the catch-all provision, a debt collector "may not use a fraudulent, deceptive, or misleading representation . . . using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." *Id*. § 392.304(a)(19).

To address BANA's first, third, fourth, and sixth contentions, as discussed above, these regard Bryant's allegations and do not satisfy BANA's burden under the summary judgment standard. Addressing BANA's second point, the forgery allegations remain unresolved. To BANA's fifth contention, while it is true that foreclosure in and of itself is not illegal, if the chain of title documents were forged, the foreclosure would be unlawful. For these reasons, BANA's motion for summary judgment on Bryant's TDCA claim is DENIED WITHOUT PREJUDICE.

## IV. MOTION TO SEVER

The claims against Ditech and BONYM have already been dismissed, and they now move for the court to sever them from the case. *See* Dkt. 44 at 1; Dkt. 46 at 1. They argue that "further delay of a final judgment to address" the claims against BANA and MERS "will prejudice [Ditech and BONYM] by delaying their ability to enforce their rights in the subject property." Dkt. 46 at 1. They also argue that "severance would . . . allow the Court to finalize a judgment in favor of Defendants sooner, which would ensure a quicker and more cost-effective result." *Id*. at 3. Bryant

contends that severing Ditech and BONYM would "prolong the ultimate termination of the action, add to the cost of resolving the lawsuit, and create duplicitous litigation over a shared subject matter increasing the likelihood of inconsistent verdicts." Dkt. 50 at 2–3. Bryant also contends that MERS and BANA have a "*respondeat superior* . . . relationship with CIT and the 2006-BC4 Trust" and that severing Ditech and BONYM would force Bryant "to prosecute his loan-related claims against the various parties in separate actions." *Id*. at 3. Ditech and BONYM allege that "[n]either CIT nor the 2006-BC4 Trust has requested a severance" and that Bryant has not shown how severing Ditech and BONYM "would prolong this lawsuit, increase the cost of this lawsuit, or create duplicitous litigation." Dkt. 52 at 1–2.

While the claims against Ditech and BONYM have already been dismissed, the remaining claims will be resolved either via summary judgment or trial in the near future. Keeping the case intact will not lead to substantial delay in the resolution of Bryant's claims, and Ditech and BONYM have not shown how failing to sever them would delay their ability to enforce their rights to the Property. Accordingly, Ditech and BONYM's motion to sever is DENIED.

## V. Conclusion

Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART. The claims on which summary judgment is granted are DISMISSED WITH PREJUDICE; the claims on which summary judgment is denied are DENIED WITHOUT PREJUDICE. Defendants may file a renewed motion by April 10, 2018, requesting summary judgment on the remaining claims with consideration given to the summary judgment standard as opposed to the standard applicable to a motion to dismiss. Bryant shall respond to the renewed motion within fifteen days. The motion to sever is DENIED.

Signed at Houston, Texas on March 28, 2018.

Gray H. Miller
United States District Judge