# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STANLEY J. BRYANT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-1840 |
| | § | |
| THE CIT GROUP/CONSUMER FINANCE, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is an amended motion for summary judgment filed by defendant Countrywide Home Loans, Inc. k/n/a Bank of America, N.A. ("BANA") and Mortgage Electronic Registration Systems, Inc. a/k/a MERS ("MERS") (collectively, "Defendants"). Dkt. 58. After considering the motion, response, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

This case relates to real property located at 2234 Dawn Shadow Way, Fresno, Texas (the "Property"). Dkt. 20. Plaintiff Stanley J. Bryant filed various tort claims and claims for violations of several statutes against Defendants relating to the foreclosure of the Property. *Id.* Defendants did not file a motion to dismiss any of these claims. Instead, they filed a motion for summary judgment. Dkt. 49. On May 28, 2018, the court granted in part and denied in part the motion for summary judgment. Dkt. 57. The court granted summary judgment on a claim relating to a securitization challenge, a fraudulent lien claim, a claim relating to a break in the chain of assignments of the lien, negligence, gross negligence, and negligence per se claims, and a claim that the statute of limitations barred foreclosure. Dkt. 57. It denied summary judgment on Bryant's forgery allegations, his

request for declaratory judgment and to quiet title, his money had and received and unjust enrichment claims, his fraud claim, and his claim under the Texas Debt Collection Act. *Id.* However, because the Defendants appeared to largely rely on an improper legal standard in their motion and in the interest of judicial economy, the court allowed Defendants to file a renewed motion. *See id.* Defendants have now filed an "amended" motion requesting judgment on the remaining claims. Dkt. 58. Bryant has filed a response, and the motion is ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

Defendants assert that all of the remaining causes of action fail as a matter of law because Bryant has no competent summary judgment evidence to support the elements of each claim. Dkt. 58 at 1. While many of their arguments continue to assert that Bryant failed to meet the pleading standard, which is not what is at issue at the summary judgment stage, Defendants have provided sufficient assertions regarding Bryant's lack of evidence to shift the burden of presenting evidence demonstrating an issue of material fact to Bryant.

Bryant contends that his fraud claims survive because Defendants rely on the argument that he did not plead his fraud claims adequately. Dkt. 60. Bryant does not provide any evidence to support his fraud claim. *See id.* Bryant similarly asserts that Defendants failed to point to an absence of evidence for his TDCA claim. *Id.* Bryant again does not provide any evidence to support his TDCA claim. *See id.* Bryant therefore fails to demonstrate that there is an issue of material fact for trial with regard to these claims.

With regard to his forgery claim, Bryant argues that there is some evidence from which a jury could conclude that one or both of the assignments are forged. Dkt. 60. Bryant provides evidence of notary-acknowledged documents from foreign jurisdictions that he contends show markedly different signatures for the signers of the mortgage documents involved in Bryant's loan than the signatures on the documents in this case. *Id.* The court is unable to notice a significant difference among the signatures, and Bryant has not presented evidence that the signatures were made by different people, and that those people were unauthorized to sign the documents on behalf of the signatory. *See Guillen v. Countrywide Home Loans, Inc.*, No. H-15-849, 2015 WL 4393155, at *2 (S.D. Tex. July 15, 2015) (Miller, J.). Under Texas law, "forgery is defined as altering, making, completing, executing, or authenticating a writing so that it purports to be the act of another who did

not authorize that act." *In re Estate of Flores*, 76 S.W.3d 624, 630 (Tex. App.—Corpus Christi 2002, no pet.). "Texas recognizes typed or stamped signatures—and presumably also scanned signatures—so long as they are rendered by or at the direction of the signer." *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 227 (5th Cir. 2013) (citing two Texas cases and the Restatement (Second) of Contracts § 134 (1981)). Moreover, the documents Bryant contends are forged are notarized. *See* Dkt. 20, Exs. 10, 16. The court finds that Bryant has failed to present sufficient evidence to raise an issue of material fact regarding his forgery allegations.

Bryant next argues that his declaratory judgment, quiet title, and money had and received claims survive because they are based on his forgery charge. Dkt. 60. However, since Bryant has not presented evidence of an issue of material fact with regard to forgery, these claims also must fail.

### IV. CONCLUSION

Because Bryant has failed to present an issue of material fact with regard to his claims, Defendants' "amended" motion for summary judgment, which seeks summary judgment on the remainder of Bryant's claim, is GRANTED. Bryant's remaining claims against Defendants are DISMISSED WITH PREJUDICE. A final judgment will be issued concurrently with this memorandum opinion and order.

Signed at Houston, Texas on May 3, 2018.

_____
Gray H. Miller
United States District Judge